## SOCONY-VACUUM OIL COMPANY, INCORPORATED, v. McCRAY

[No. 17,228.   Filed April 4, 1944.]

*Riley, Reed, Murphy & McAtee,* of East Chicago, for appellant.

*Slaughter & Thorsen,* of Hammond, for appellee.

FLANAGAN, J.—This is an appeal from an award of the Industrial Board.   The only question presented is the sufficiency of the evidence to show a casual connection between the death of appellee's decedent and the injury which he admittedly sustained while in appellant's employ.

There is evidence of the following facts:

The involved injury occurred on September 14, 1942, and consisted of a fracture of the distal phalanx of both

the large toe and the small toe of the left foot. On October 19, 1942, he returned to his employment as a pipe fitter but he did not feel well, his foot continued to be swollen and hurt him, and he limped. He nevertheless continued working until February 17, 1943, when he went to California to see his son who was in the service. On March 17, 1943, he died on a bus while returning. The undertaker found that the left foot was swollen and cracked, putrefaction had set in and the large toe and instep had a greenish cast. Medical testimony was introduced to the effect that the above described condition of the foot indicated moist gangrene and that the gangrenous condition was necessarily a contributing factor in the cause of death.

Moist gangrene, as a term of general knowledge, means a mortification of a part of the body caused by interference with the local nutrition. It occurs in deepseated tissues, as in the lung, where evaporation cannot take place, or in the extremities where interference with both arterial and venous circulation has occurred and putrefaction has supervened, as in crushing injuries or compound fractures. See Webster's New International Dictionary, Second Edition.

In the case before us the nature of the injury and its history support the finding that the gangrene resulted from the injury. The medical testimony was to the effect that the gangrenous condition was necessarily a contributing cause of death. The casual connection between the death of appellee's decedent and the injury is therefore sufficiently established by the evidence.

Award affirmed with statutory increase of 5 per cent.

NOTE.—Reported in 53 N. E. (2d) 895.